Curtis v. Steever.

ANN CURTIS, EXECUTRIX, v. EDGAR Z. STEEVER.

1. The proceedings under the attachment act being special and statutory, the proper remedy for review is by *certiorari*.
2. Where the return to the writ of attachment shows that shares of stock, standing in the name of a third person, and in the name of the debtor's wife, have been taken, the attachment will not be set aside on motion, as to these shares, where it is alleged there was a fraudulent transfer by the debtor to hinder, delay, and defraud creditors.

Attachment in case.     On *certiorari* to the Burlington circuit.

A writ of attachment was issued out of the Circuit Court of Burlington county, at the suit of the plaintiff, against the property and estate of the defendant.

June 13th, 1870, the sheriff of said county attached, and with the assistance of a freeholder, made an inventory and appraisement of the defendant's property in the hands of George W. Steever, secretary and treasurer of the Bordentown Gas Light Company, of Bordentown, New Jersey, as follows: "Thirty-five shares of stock in said company, par value $25—$875. Also all his right, title, and interest in and to six hundred and fifty-four shares of stock in said company, held in the name of defendant's wife, Margaret W. Steever, par value $25—$16,350; forty-six shares of stock in said company, certificate No. 121, in the name of Jerome Buck, par value $25—$1150."

On the return of the writ it was moved to set aside the attachment, as to the last two items specified in the inventory, to wit, the stock standing in the name of Margaret W. Steever and Jerome Buck. The court denied the motion.

The writ and proceedings thereupon were certified and sent to this court upon *certiorari*.

Argued at February Term, 1873, before Justices WOOD-HULL, VAN SYCKEL and SCUDDER.

For the plaintiff in *certiorari*, *G. D. W. Vroom.*

For the defendant, *G. S. Cannon.*

The opinion of the court was delivered by

SCUDDER, J. The purpose of the motion in the Circuit Court, and the result sought to be attained here, is to relieve the shares of stock of the Bordentown Gas Light Company, standing in the names of Margaret W. Steever and Jerome Buck, respectively, from the lien of the attachment at the suit of Ann Curtis, executrix, against Edgar Z. Steever.

There is no doubt that it is within the power of this court to control the abuse of the writ of attachment in a court of inferior jurisdiction; nor can there be a question that the plaintiff has adopted the proper form of remedy. The proceedings under our attachment act are special and statutory

Curtis v. Steever.

not according to the course of the common law, and therefore the proper method of review is by the writ of *certiorari.* Such has been the practice of this court. *Brunson* v. *Shinn,* 1 *Green* 250 ; *Thompson* v. *Eastburn,* 1 *Harr.* 100.

If the return shows upon its face that property has been attached which the sheriff could not legally take under the writ, to that extent the levy may be set aside, and the property thus taken be relieved from the charge. It is also true that under our statute only the rights and credits, moneys and effects, goods and chattels, lands and tenements of the defendant can be attached. But it is said that stock in a private corporation cannot be attached unless authorized by express statute ; that a particular power was required under the statute relating to executions, to warrant the seizure and sale of such stock. *Nix. Dig.* 294, § 7.*

This statute respecting executions (§ 1,) issued upon judgments, directs that they may be against the body, or against the goods and chattels, or against the goods and chattels, lands, tenements, hereditaments and real estate of the defendant. As there might be doubt whether certain kinds of personalty were included in the terms goods and chattels, moneys, bank notes, stocks, &c., were distinctly specified as subject to levy. The words used in the attachment act are much broader and more comprehensive—" Rights and credits, moneys and effects, goods and chattels, lands and tenements," of the debtor may be attached. Even if the stock taken in this case should be regarded as a chose in action, (*A. & A. on Corp.* 560,) there the rights and credits which belong to this species of property, can be attached under this statute. To avoid the very conclusion which has sometimes been stated, that only property that can be sold by the sheriff under execution can be levied upon under this process, our statute (§ 36,) enacts that after the sale of the goods and chattels, lands and tenements, if the moneys arising therefrom be not sufficient to satisfy the debts, then the auditors shall *assign* to the plaintiff and creditors the *choses in action,* rights and credits of the defendant, in proportion to their respective debts. Of

* *Rev., p.* 389, § 4.

course they cannot distribute what cannot be attached. This is recognized in the case referred to in the plaintiff's argument. *State* v. *Warren Foundry and Machine Company*, 3 *Vroom* 439.

Stock had there been taken under attachment, and the court say that " if the sale of the stock, as made, can be held to be valid, which is not necessary to decide, it must be on the ground that what was done amounted to a virtual assignment of choses in action to the relator, or creditor authorized by the 36th section of 'the attachment act." Thus while the 35th section* of the act does not authorize the sale of choses in action, rights and credits, the 36th section directs the distribution ; and hence the authority to attach is clearly inferred, and the construction of section 1 made very plain ; but the terms used include stock, whether it is comprised within the words " goods and chattels," or it is to be considered a chose in action within the meaning of the words rights and credits.

In the case above cited, the question was not as to the legality of the seizure of the stock, but the propriety of the remedy by *mandamus* to compel the company to transfer the stock standing in the name of a third person, which had been seized and sold as the property of the defendant. The court decided that as it was a doubtful question of fraud, there was no authority for issuing a *mandamus,* and that a suit at law, or a bill in equity was the appropriate remedy.

This case also brings us to the very point for determination in the present plaint. Stock of the Warren Foundry and Machine Company standing in the name of Day, had been attached by the creditors of Miller, and sold by the creditors to Bush, the relator. It was said that Miller had transferred the stock to Day, his son-in-law, just before the issuing of the attachment, and that it was done to hinder, delay and defraud Miller's creditors. The court did not say that if this were so the attachment would be void. It is alleged in the present case that the defendant in attachment, Edgar Z. Steever, prior to the issuing of the writ by Ann

* *Rev., p.* 51, § 52.

Curtis, executrix, transferred the stock in dispute to his wife, Margaret W. Steever, and to Jerome Buck, to hinder, delay, and defraud his creditors. This is denied upon their part, but it is an issue to be tried between them in some form, and there is propriety in holding the property until the issue is determined. If the question be asked as was done in the argument in this case : Will the court then permit property, which does not belong to the defendant, to be seized under attachment? Certainly not. But that is begging the question between these parties. The relator insists that by our statute of frauds and perjuries, (*Nix. Dig.* 355)* a transfer of stock to defraud creditors is no transfer as against them, but void. This is also true. It is difficult to see how this writ can be made effective against absconding debtors, if just prior to leaving they can put all their property into the hands of others, who may hold and dispose of it in defiance of this prompt remedy which the statute has provided against such debtors.

By section 60, this act must be construed in all courts of judicature in the most liberal manner, for the detection of fraud, the advancement of justice, and the benefit of creditors.

In all cases of doubtful title, the plaintiff in execution and in attachment may proceed at his peril, and make seizure of property of which some other person than the debtor is the ostensible owner, and in answer to the trespass may show fraud in the title.

*Garretson* v. *Kane*, 3 *Dutcher* 208, holds that if a bill of sale was in fact and in law made to hinder, delay or defraud creditors, a creditor who seizes the goods by virtue of an attachment or execution, may show the fraud in an action of trespass. The fraud must, however, be against him as a creditor, and not against the debtor. If it be true in this case, that the stock has been transferred by the debtor to the present holders, in fraud of creditors, there is and there should be no legal objection to the seizure of the stock; and

---

* *Rev., p.* 444.

the court should give its aid to discover the fraud, and hold the property until this can be determined.

The case, like that of Boyd and King, decided at the last term of this court, does not raise the question whether a mere equitable right can be attached; for if there has been a fraudulent transfer of this stock which has been attached, then such transfer is void at law, as well as in equity, and the creditors have their legal remedy to annul the covinous title.

This result to which we have come, applies to Jerome Buck, who, so far as appears in the return, has no relationship to the debtor. It is also applicable to the stock held in the wife's name. It is not necessary to discuss the question, whether formerly, or as the law now stands, the choses in action of the wife can be seized under attachment by her husband's creditors, before he has reduced them into possession. If these shares standing in her name are, as she claims, part of her separate estate in good faith, they cannot be taken from her by this attachment, and the plaintiff may be liable to her for the attempted taking; but if she holds them by a fraudulent transfer, made to hinder, delay and defraud her husband's creditors, she cannot and should not hold them.

Let the writ of *certiorari* be dismissed, with costs.